IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DANIEL THEODORE,

          Plaintiff,

vs.                                          CIVIL NO.  05-309 MV/ACT

DAVID WRIGHT et al.,

          Defendants.

DANIEL THEODORE,

          Plaintiff,

vs.                                          CIVIL NO.  05-444 MCA/LFG

ROBERT E. HALL,

          Defendant.

DANIEL THEODORE,

          Plaintiff,

vs.                                          CIVIL NO.  05-473 WJ/LFG

EDWARD TARAPASKI,

          Defendant.

**MEMORANDUM OPINION AND ORDER
CONSOLIDATING CASES FOR ALL PURPOSES
AND DISMISSING ACTIONS FOR LACK OF JURISDICTION**

**Introduction and Consolidation**

THIS MATTER is before the Court *sua sponte*. Daniel Theodore ("Theodore"), a *pro se* litigant, filed the three above-captioned case in federal court and filed the requisite filing fee. In each of the three cases, Theodore seeks injunctive and/or declaratory relief to prevent the execution of

certain writs issued by a State of New Mexico District Court judge in Hidalgo County on property allegedly owned by Theodore that is located in a warehouse in Cotton City, New Mexico.  All three cases arise out of the same core facts and are, therefore, inextricably intertwined.  Accordingly, the Court determines that the cases should be consolidated.  This decision is consistent with the Court's case management responsibilities under the Civil Justice Reform Act, 28 U.S.C. § 471 *et seq.* (CJRA"), and with the goals of expediting the ultimate disposition of these cases and reducing the costs of litigation.

Pursuant to the District Court's "rule of thumb" on consolidation, cases are generally consolidated into the earliest filed case.  The earliest filed case is Theodore v. Wright, CIV 05-309 MV/ACT.  It was filed March 22, 2005 and is pending before me.  The referral magistrate judge is the Honorable Alan C. Torgerson.  The second case, Theodore v. Hall, CIV 05-444 MCA/KBM, was filed April 19, 2005.  It is assigned to the Honorable M. Christina Armijo and referred to Magistrate Judge Karen B. Molzen.  The last case, Theodore v. Tarapaski, CIV 05-473 WJ/LFG, was filed April 25, 2005 and is assigned to the Honorable William P. Johnson and referred to Chief Magistrate Judge Lorenzo F. Garcia.  Thus, the cases are consolidated under CIV 05-309 MV/ACT.

**Procedural Background**

A review of the three federal court complaints fails to clarify what federal statute Theodore relies on as the jurisdictional basis.  The pleadings indicate that Theodore alleges his rights have been violated by the threatened or attempted execution of certain writs of execution on property he claims to own in Cotton City, New Mexico (arising out of Arizona state court litigation and related New Mexico state court litigation).  In these federal lawsuits, Theodore seeks hundreds of millions of dollars in damages, in addition to equitable, injunctive and declaratory relief.

The present federal lawsuits have their genesis in a court proceeding in the Superior Court of the State of Arizona, in and for the County of Maricopa (No. CV 2003-013992).[1] In the Arizona litigation, Plaintiff Thomas and Wong Contractors asserted claims against BDV Investments, Inc. and others and eventually achieved a default judgment. (*See* discussion *infra*.)

Prior to being awarded a default judgment in the Arizona litigation, Plaintiff Thomas and Wong Contractors filed a lawsuit on June 30, 2003, against the same or similar Defendants in the State of New Mexico, Sixth Judicial District Court, County of Hidalgo (No. CV 2003-24). In the New Mexico state court lawsuit, Plaintiff sought performance of a promissory note secured by collateral stored in various containers and located at Total NM Warehouse, 600 North Street, Lordsburg, New Mexico, a facility further identified as "a space in the building controlled by Don E. Nooe, D.E.N. Enterprise." [No. CV 2003-24, Complaint, Count 3, ¶ 19.] Plaintiff further alleged that default had occurred and that Plaintiff had full rights to repossession of the Collateral under the terms of the Promissory Note. [Id., ¶ 13.]

After default was entered in favor of Plaintiff in the Arizona litigation, Thomas and Wong Contractors filed a Notice of Filing Foreign Judgment that was given a separate case number in the Sixth Judicial District Court (No. CV 2003-48). Plaintiff sought enforcement of the foreign judgment issued by the Arizona State Court. Indeed, the Arizona State Court had issued a default judgment in favor of Plaintiff on November 21, 2003 (in the amount of $3,669,000 with an accruing penalty of $5,000 per day from October 10, 2003, with interest). [No. CV 2003-013992, Nov. 21, 2003 Default Judgment.]

---

[1] A court may judicially notice its own records as well as records of sister courts. CA 79-3511 St. Louis Baptist Temple, Inc. v. Federal Deposit Ins. Corp., 605 F.2d 1169, 1172 (10th Cir. 1979).

On motion, the New Mexico state district court consolidated cause CIV 2003-24 with CIV 2003-48, and ultimately recognized the Arizona foreign judgment and issued a Writ of Execution. On April 26, 2005, Daniel Theodore entered his appearance in the New Mexico state court litigation, requested a preliminary injunction and declaratory relief, and filed a "claim of private property writ of error" challenging the State court's authority to proceed with the Writ of Execution. That matter is still pending in the State District Court for Hidalgo County before the Honorable Henry Quintero.

## Authority for *Sua Sponte* Analysis

It is beyond dispute that a court may engage in a *sua sponte* analysis in an *in forma pauperis* action. 28 U.S.C. § 1915(e)(2). This is so because "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious or repetitive lawsuits." Neitzke v. Williams, 490 U.S. 319, 324, 109 S. Ct. 1827, 1831 (1989); Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733 (1992). Should a court determine that the *in forma pauperis* complaint is frivolous or malicious, or if it is patently obvious that the plaintiff cannot prevail on the facts alleged, the court may dismiss the complaint. Hall v. Bellmon, 935 F.2d 1106, 1108-1109 (10th Cir. 1991).

Less frequently seen, however, is a *sua sponte* analysis and dismissal of a complaint when plaintiff has paid a filing fee. Cummings v. Giuliani, 2000 WL 1597868 at *2 (S.D.N.Y., Oct. 24, 2000). This is so because *sua sponte* dismissal of a plaintiff's claim is generally disfavored. *See, e.g.*, Lewis v. State of New York, 547 F.2d 4, 6 (2nd Cir. 1976). However, even when a *pro se* litigant has paid a filing fee, a district court may dismiss the complaint *sua sponte* if it is frivolous or includes fantastic or delusional claims. Cummings v. Giuliani; Pillay v. I.N.S., 45 F.3d 14, 17 (2nd Cir. 1995) (court has "inherent authority . . . to dismiss an appeal or petition for review as frivolous when . . . [it] presents no arguably meritorious issue for . . . consideration."); McAllan v. Malatzky, 1998 WL

4

24369, n. 6 (S.D.N.Y., Jan. 22, 1998)("a district court in the Second Circuit may *sua sponte* dismiss a frivolous complaint even if the plaintiff has paid the filing fee"), *aff'd* 173 F.3d 845 (2nd Cir. 1999).

So, too, the 10th Circuit follows this rule. In <u>Mamer v. Collie Club of America, Inc.</u>, 229 F.3d 1164, 2000 WL 1114237 (10th Cir. Aug. 8, 2000), the plaintiff challenged the court's authority to *sua sponte* dismiss her complaint when she had paid a filing fee. On appellate review of the dismissal, the Circuit stated:

> A district may dismiss a pro se complaint sua sponte only where it is "patently obvious" the plaintiff cannot prevail on the facts alleged, and an opportunity to amend the complaint would be futile. *See* <u>Hall v. Bellmon</u>, 935 F.2d 1105, 1110 (10th Cir. 1991).

The appellate court reviewed the record and confirmed that the trial court's decision to dismiss the complaint for insufficiency was well supported. In a later decision, <u>Phillips v. Public Service Co. of New Mexico</u>, 2003 WL 191461 at *1 (10th Cir., Jan. 29, 2003), the Tenth Circuit again reviewed a trial court's dismissal of a *pro se* plaintiff's complaint based on the court's *sua sponte* analysis under 12(b)(6). In affirming, the Circuit stated:

> Dismissals under 12(b)(6) typically follow a motion to dismiss, which gives the plaintiff notice and an opportunity to amend his complaint. Nevertheless, in this Circuit, sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to courts. <u>Curley v. Perry</u>, 246 F.3d 1278, 1284 (10th Cir. 2001). A sua sponte dismissal under 12(b)(6) is not reversible error when (1) "it is patently obvious that the plaintiff could not prevail on the facts alleged;" and (2) "allowing [the plaintiff] an opportunity to amend his complaint would be futile." <u>McKinney v. State of Okl. Dept. of Human Services</u>, 925 F.2d 363, 365, n. 1 (10th Cir. 1991).

<u>Id.</u> at *1.

The Court has an independent obligation under the CJRA to expedite the ultimate disposition of cases and reduce the costs of litigation. Where, as here, the Court concludes that the action is

barred as a matter of law, it is incumbent on the Court to take action early on in the course of proceedings to fulfill the congressional mandate underlying the CJRA. To rule otherwise would contribute to delay and impose significant costs of litigation to defendants who may be burdened with a frivolous claim.

Accordingly, the Court concludes that, notwithstanding the fact that Theodore paid a filing fee, the Court has authority in this Circuit to conduct a *sua sponte* evaluation and to dismiss the complaint if it is "patently obvious" that Theodore cannot prevail. *See* Mamer, 2000 WL 114237 at *1.

### Lack of Subject Matter Jurisdiction

In 1983, the United States Supreme Court determined conclusively that lower federal courts have no authority to sit in review of state court decisions. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476, 103 S. Ct. 1303 (1983). The doctrine developed by the Supreme Court in Rooker-Feldman forbids a district court from entertaining claims that are "inextricably intertwined" with a state court judgment. Id., at 483, n. 16.

In these federal lawsuits, Theodore asks the Court to declare that he is the owner of the collateral and that no writ, order or judgment can operate to divest him of ownership. The property in question, however, is the subject of both the Arizona court judgment as well as the writs issued by the New Mexico State District Court. As such, Theodore's federal claims are indeed "inextricably intertwined" with those prior state court determinations. Johnson v. De Grandy, 512 U.S. 997, 105-6, 114 S. Ct. 2647 (1994). The result is that the federal court is barred from entertaining Theodore's federal claims that have already been reviewed and decided by state courts. Kenmen Engineering v. City of Union, 314 F.3d 468, 473 (10th Cir. 2002). Moreover, the Rooker-Feldman abstention doctrine instructs that only the United States Supreme Court has authority to review state court

determinations.  *See* 28 U.S.C. § 1257(a); Kenmen Engineering, 314 F.3d at 473.  Thus, Theodore's claims are jurisdictionally defective[2] and an amendment will not cure the defect.  Accordingly, the federal lawsuits must be dismissed.

## Younger Abstention

Alternatively, Younger abstention also supports dismissal of Theodore's three federal lawsuits.  Younger abstention requires federal courts to abstain from hearing federal constitutional claims that involve or call into question ongoing state procedures.  Younger v. Harris, 401 U.S. 37, 43-44, 91 S. Ct. 746 (1971).  In this case, Theodore contends that his due-process rights were violated by the State court and that he did not personally receive notice of a court order concerning disposition of his property.  Even if that were the case, a federal court must abstain.

"Since the beginning of this country's history Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal courts." Id. at 43.  Thus, there is a strong policy against federal court interference in pending state court proceedings.  The policies underlying Younger abstention are derived from a notion of comity, including:

> a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways.

Id. at 44; Middlesex County Ethics Committee v. Garden State Bar Ass'n., 457 U.S. 423, 431, 102 S. Ct. 2515 (1982).

---

[2]When the Rooker-Feldman abstention doctrine applies, "there is only one proper disposition: dismissal for lack of federal jurisdiction." Frederiksen v. City of Lockport, 384 F.3d 437, 438 (7th cir. 2004).  This means that Plaintiff may not re-file these claims in federal court.  But, the dismissal is without prejudice as to the merits which may still be reviewed by the state court, assuming the state court may properly hear the matter.  Id.

As part of a federal court's respect paid to state courts, there should be no presumption that state courts will not safeguard federal constitutional rights. Middlesex, 457 U.S. at 431. Indeed, "[w]here vital state interests are involved, a federal court should abstain 'unless state law clearly bars the interposition of the constitutional claims.'" Id. at 432. Moreover, "[a]bstention is based upon the theory that '[t]he accused should first set up and rely upon his defense in the state courts, even though this involves a challenge of the validity of some statute, unless it plainly appears that this course would not afford adequate protection." Id. at 435 (internal citation omitted).

Presently, Theodore is before the State District Court in Hidalgo County. He entered an appearance, objected to proceedings, and has challenged the validity of the Writ of Execution. There is no reason to believe that the State court will not afford Theodore the process to which he may be entitled.

Younger abstention "dictates that federal courts not interfere with state court proceedings by granting equitable relief– such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings--when such relief could adequately be sought before the state court." Amanatullah v. Colorado Bd. of Medical Examiners, 187 F.3d 1160, 1163 (10th Cir. 1999) (internal citation omitted). This is the specific relief Theodore requests–a declaratory judgment and an injunction precluding the State court from executing its writs and orders. Younger requires that the federal court not interfere.

## **Conclusion**

Based on the Court's *sua sponte* analysis and for all of the above-stated reasons, the Court concludes that it lacks subject matter jurisdiction, and therefore, must dismiss the three federal lawsuits. Moreover, even if the Court had jurisdiction, <u>Younger</u> abstention would require that this Court abstain from exercising such jurisdiction.

**IT IS THEREFORE ORDERED** that Theodore's three federal lawsuits, consolidated under CIV No 05-309, are dismissed for lack of subject matter jurisdiction.

_____
CHIEF UNITED STATES DISTRICT JUDGE